USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE A. LEON, on behalf of himself and all others similarly situated,

                Plaintiff,

-against-

GAZIVODA REALTY CO., INC., MAY REALTY GROUP, INC., A & E TIEBOUT REALTY, LLC, ANTHONY S. GAZIVODA,

                Defendants.

18 Civ. 9723 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On October 23, 2018, Plaintiff, a superintendent and handyman, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. Compl., ECF No. 1. On August 2, 2019, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement. Letter, ECF No. 40. On August 8, 2019, the Court denied the motion without prejudice on the grounds that the settlement agreement contained (1) a restriction on Plaintiff's future employment, and (2) a mutual non-disparagement clause without a carve-out for truthful statements. ECF No. 41. On August 28, 2019, the parties filed a revised settlement agreement (the "Revised Settlement"). ECF No. 44. The parties provided supplemental submissions upon the Court's request. *See* ECF Nos. 48, 50. For the reasons stated below, the motion to approve the Revised Settlement is GRANTED.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at

*1 (S.D.N.Y. May 8, 2017).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  Courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (citation omitted).

II.   Analysis

The Revised Settlement provides for Defendants to pay a total of $11,250, with Plaintiff to receive $6,986, and Plaintiff's counsel to receive $4,263 in attorney's fees and costs.   Revised Settlement ¶ 1; Letter at 2–3.  The parties' letter identify Plaintiff's total possible recovery, if he was to succeed on all of his FLSA claims at trial, to be approximately $25,000.  ECF No. 48 at 1.  The parties assert that they were motivated to settle because both parties faced considerable risks in proceeding forward with the litigation.  Letter at 4.  Additionally, the parties state that they engaged in extensive arms-length bargaining with the assistance of an experienced mediator, and there is no evidence of fraud or collusion.  *Id.* at 3–4.  The Court concludes, therefore, that the Revised Settlement satisfies each of the *Wolinsky* factors.

In addition, the Revised Settlement no longer prohibits Plaintiff from seeking employment with Defendants.  Revised Settlement ¶ 9.  Although the Revised Settlement includes a mutual non-disparagement clause, this clause does not "Plaintiff from making truthful statements about his experience litigating [this case]."  Revised Settlement ¶ 7.  *See Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18 Civ. 454, 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (non-disparagement clause was fair and reasonable where it contained a carve-out for truthful statements about the plaintiffs' experience litigating their case).  Moreover, the release provision in the Settlement is not overly broad, as it releases Defendants "from all claims that were

asserted in this action . . . as well as any and all claims which could have been asserted under the Fair Labor Standards Act . . . and New York Labor Law." Revised Settlement ¶ 3. The Court is, therefore, satisfied that the Revised Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $3,493 in fees and $770 in costs. Revised Settlement ¶ 1; Letter at 3. As for costs, Plaintiffs' counsel may be reimbursed for the "costs of this action." 29 U.S.C. § 216(b); *see also Collado v. Donnycarney Rest. LLC*, No. 14 Civ. 3899, 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (awarding reasonable costs separately from attorney's fees).

The Court also finds that the requested attorney's fees are reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The award of attorney's fees here represent one-third of the settlement amount. Letter at 3; *see also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015) (assessing the reasonableness of attorney's fees independently of costs).

Courts use the lodestar method as a benchmark to further assess the reasonableness of attorney's fees, multiplying the hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). Plaintiff's counsel's lodestar calculation is $21,015 for work done by Joseph & Norinsberg, LLC on Plaintiff's FLSA claim. ECF No. 50. Chaya Gourarie, lead counsel on the matter, billed 48.32 hours at a rate of $400 per hour. ECF No. 50-1. Gourarie is a senior litigation associate with seven years of experience. Letter at 3. This rate is reasonable, as "[c]ourts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (internal quotation marks and citation omitted); *see also Easterly v. Tri-Star Transp. Corp.*, No. 11 Civ. 6365, 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) ("Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced . . . employment litigators."). Paralegal Ana Guevara billed 13.5 hours at an hourly rate of $125, ECF No. 50-2, which the Court also finds to be reasonable. *See Long v. HSBC USA Inc.*, 14 Civ. 6233, 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016) ("As to the fees for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable."). Given that the lodestar amount exceeds the fee request, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza*, 2015 WL 9161791, at *2, the Court finds that the fee award is reasonable.

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 16, 2019
    New York, New York

_____
ANALISA TORRES
United States District Judge

3